**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DAVID HERBERT,

    Plaintiff,                                CASE NO. 07-CV-13284

v.                                         DISTRICT JUDGE GERALD E. ROSEN
                                             MAGISTRATE JUDGE CHARLES E. BINDER

UNITED STATES DEPARTMENT
OF EDUCATION, SAINT MARY OF
THE PLAIN COLLEGE, JOHN DOE,
and JANE DOE,

    Defendants.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) and 1915A**

**I.**     **RECOMMENDATION**

**IT IS RECOMMENDED** that case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**II.**     **REPORT**

    **A.**     **Procedural Background**

Plaintiff is a *pro se* prisoner who is currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, which is under the direction of the Michigan Department of Corrections ("MDOC"). Plaintiff filed the instant action on August 7, 2007. (Dkt. 1.) All pretrial matters were referred to the undersigned Magistrate Judge on August 31, 2007. (Dkt. 4.) The Plaintiff was granted *in forma pauperis ("ifp")* status and the Marshal was directed to serve the complaint on September 12, 2007. (Dkt. 3, 5.) Defendant United States Department of Education

has been served with the summons and complaint and the mail sent to St. Mary's of the Plain College was returned as undeliverable. (Dkt. 6, 7.)

**B.     Complaint**

Plaintiff's complaint avers the following facts:

> I received notice from the U.S. Department of Education that a student loan had been charged from St. Mary of the Plain College in my name in the State of Kansas. This loan is recent, though I've been in the Michigan State Prison since 1991! I've never been in the State of Kansas; nor have I ever been in any college in the United States.

(Dkt. 1 at 3.) Plaintiff asks the Court to "investigate the identity theft, arrest and prosecute the perpetrators, financially compensate this Plaintiff $20,000,000, [and] charge all costs and fees to the perpetrators." (*Id.*)

**C.     Governing Legal Standards**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e),[1] when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the

---

[1]This case is not subject to the screening provision found in 42 U.S.C. § 1997e(c)(1) because Plaintiff does not complain about the conditions of his incarceration.

complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Since Plaintiff has received IFP status (Dkt. 3,) and is suing the United States Department of Education, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels,

conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

**D.     Discussion**

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The same analysis applies to federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006)(en banc).

Although Plaintiff presents a sympathetic story of identity theft, his request for this Court to "investigate the identity theft, arrest and prosecute the perpetrators, financially compensate this Plaintiff $20,000,000, [and] charge all costs and fees to the perpetrators" simply fails to state a claim upon which relief can be granted. Plaintiff has not averred that any Defendants committed the identity theft nor has he alleged any violation of the U.S. Constitution. § 1983 is not, I suggest, a vehicle for undertaking investigative action into alleged identity theft crimes. Accordingly, I recommend the complaint be dismissed for failure to state a claim upon which relief can be granted.

**III.     REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                         s/ *Charles E Binder*
                                         CHARLES E. BINDER
Dated: January 24, 2008                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on David Herbert by first class mail, and served on District Judge Rosen in the traditional manner.

Date: January 24, 2008                By     s/Patricia T. Morris
                                                     Law clerk to Magistrate Judge Binder